UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLINGSWORTH, III,

        Plaintiff,                          Hon. Jane M. Beckering

v.                                             Case No. 1:24-cv-410

MICHIGAN STATE UNIVERSITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action April 23, 2024, against Michigan State University. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

1

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that Defendant subjected him to unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, and various other state and federal provisions. Plaintiff's initial complaint failed to allege facts sufficient to state a claim. Nevertheless, the Court, rather than recommend dismissal of Plaintiff's complaint, instead ordered Plaintiff to submit an amended complaint within fourteen days. (ECF No. 7). Plaintiff responded

2

to the Court's Order by submitting an amended complaint containing the same meager factual allegations but to which a "supplement" was attached. (ECF No. 8-9).

Plaintiff's amended complaint and supplement contain facts insufficient to sustain his allegations. In his complaint, Plaintiff briefly describes a conversation in which his manager "downplay[ed]" Plaintiff's interest in working additional hours. Plaintiff fails, however, to allege additional facts relevant to his claims. Instead, Plaintiff simply asserts the conclusion that he was discriminated against. A greater portion of Plaintiff's complaint is given to comparing the perceived differences in the way Defendant treated Larry Nassar and former football coach Mel Tucker, both of whom engaged in, to use Plaintiff's words, "sexual misconduct." The Court fails to discern how this information advances Plaintiff's allegations.

As for the supplement Plaintiff attached to his amended complaint, it likewise fails to advance Plaintiff's cause. In his supplement, Plaintiff asserts that he "recently obtained evidence from a surprise witness" who will substantiate his allegations. Plaintiff fails, however, to provide any details or specifics as to what relevant evidence this "surprise witness" might provide. In sum, Plaintiff has failed to allege facts sufficient to state a claim. Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's amended complaint (ECF No. 8-9) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 24, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge