UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

     Plaintiff,

                                      Case No. 1:24-cv-410

v.

                                      HON. JANE M. BECKERING

MICHIGAN STATE UNIVERSITY,

     Defendant.

_____/

## **MEMORANDUM OPINION AND ORDER**

On April 23, 2024, Plaintiff, proceeding *pro se*, initiated this employment discrimination action (ECF No. 1 at PageID.2). On June 24, 2024, the Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 10), recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (ECF No. 11). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made.

Plaintiff's initial Complaint alleged claims under Title VII of the Civil Rights Act of 1964, Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), the Fair Labor Standards Act ("FLSA"), and Michigan's Whistleblowers' Protection Act (Compl., ECF No. 1). In his Report and Recommendation, the Magistrate Judge first noted that Plaintiff's initial Complaint failed to allege facts sufficient to state a claim, and rather than recommend dismissal of the Complaint, the Court ordered Plaintiff to submit an amended complaint (R&R, ECF No. 10 at PageID.25). Plaintiff responded to the Court's Order by submitting an Amended Complaint (ECF No. 8) containing the

same factual allegations as in his original Complaint, slightly reworded and with some additional context.  Plaintiff alleges in his Amended Complaint the same legal claims as in his initial Complaint, and Plaintiff attaches to his Amended Complaint a "Supplement to Amended Complaint" (ECF No. 9).

In his determination that the allegations in Plaintiff's Amended Complaint fail to state a claim on which relief may be granted, the Magistrate Judge reasoned that the allegations only briefly describe a conversation in which Plaintiff's manager "downplay[ed]" Plaintiff's interest in working additional hours (R&R, ECF no. 10 at PageID.26).  The Magistrate Judge also observed that Plaintiff fails to "allege additional facts relevant to his claims" and instead "simply asserts the conclusion that he was discriminated against" (*id.*).  The Magistrate Judge further determined that the Supplement likewise fails to advance Plaintiff's claims because in the Supplement, Plaintiff asserts that he recently obtained evidence from a "surprise witness who will substantiate his allegations," but fails to provide any details as to what relevant evidence the witness might provide (*id.*).

Plaintiff's Objections to the Report and Recommendation include fourteen numbered paragraphs, from which the Court gleans six Objections.

First, Plaintiff argues that the Magistrate Judge erred in concluding that the Amended Complaint fails to state a claim because his Amended Complaint "contains detailed factual allegations that, when taken as true, state plausible claims for relief" (Objections, ECF No. 11 at PageID.28–29).  Plaintiff's argument reflects a mere disagreement with the Magistrate Judge's determination and presents a conclusory statement that Plaintiff has fulfilled pleading requirements.  The facts summarized in Plaintiff's Objections do not demonstrate that Plaintiff has stated a claim on which relief may be granted.  Next, Plaintiff argues that the Magistrate Judge

misapplied the plausibility standard in dismissing his claims (*id.* at PageID.29).  However, the Magistrate Judge determined that Plaintiff's Amended Complaint does not provide sufficient factual matter, accepted as true, to state a claim, and Plaintiff's argument does not demonstrate any error in this conclusion.  The fact that the Amended Complaint includes specific dates and times and includes allegations about the conversation with Plaintiff's manager does not mean that the allegations state claims upon which relief may be granted.  Plaintiff next argues that the Magistrate Judge failed to consider the "totality of the factual allegations," and Plaintiff provided a "meticulously documented account of [Defendant's] unlawful discrimination, retaliation, and whistleblower violations, supported by references to audio evidence that [Plaintiff has] yet to share" (*id.*).  As the Magistrate Judge properly determined, evidence that Plaintiff has "yet to share" cannot support the claims in Plaintiff's Amended Complaint (R&R, ECF No. 10 at PageID.26).

Next, Plaintiff argues that the Magistrate Judge erred in dismissing the relevance of Plaintiff's comparisons to other cases, which, according to Plaintiff, demonstrate a pattern of disparate treatment by Defendant (Objections, ECF No. 11 at PageID.29).  Plaintiff's references to other cases involving Defendant, however, do not support Plaintiff's own allegations as to Defendant's treatment of Plaintiff, specifically.  Next, Plaintiff argues that the Magistrate Judge failed to consider the "but-for causation standard" (*id.*).  This is once again a conclusory argument that the Magistrate Judge erred in his determination, untethered to any reasoning of why the cited legal standard should apply.  The Court determines that the Magistrate Judge applied the proper legal standard in addressing Plaintiff's claims.  Finally, Plaintiff argues that the Magistrate Judge's recommendation runs afoul of principles of equal protection and due process and the Magistrate Judge failed to consider the "appropriateness of a preliminary injunction" (*id.* at PageID.29–30).

This conclusory argument lacks merit because Plaintiff has failed to state a claim on which relief may be granted, so he is unlikely to succeed on the merits of his claims, and neither Plaintiff's Objections nor his allegations indicate that he meets any of the other requirements for establishing entitlement to the "extraordinary remedy" of a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

In sum, Plaintiff's Objections do not identify any error in the Magistrate Judge's analysis or conclusion that the allegations in Plaintiff's Amended Complaint fail to state a claim on which relief may be granted.   Accordingly, the Objections are denied, and the Report and Recommendation is approved and adopted as the Opinion of the Court.

A Judgment will also be entered consistent with this Memorandum Opinion and Order. *See* FED. R. CIV. P. 58.  For the same reasons that the Court adopts the Magistrate Judge's Report and Recommendation, and in keeping with his finding (R&R, ECF No. 10 at PageID.17), the Court finds that an appeal of this decision would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 11) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 10) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 8) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

4

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  August 5, 2024                                          /s/ Jane M. Beckering
                                                               JANE M. BECKERING
                                                               United States District Judge

5